Shauck, J.
The general rule for determining whether the will was revoked or not is found in Section 5953, Revised Statutes. Its related provision is as follows: “A will shall be revoked by the testator tearing, canceling, obliterating, or destroying the same with the intention of revok *76 ing it by the testator himself, or by some person in his presence, or by his direction.” Counsel for the plaintiff narrow the inquiry by the following clear statement of their views:
We recognize fully that there can be no partial revocation. And if a portion only of a will be erased or canceled with intent to revoke that part only but not with intent to revoke the whole will, the act will be ineffective and if the canceled part can be restored or is legible the will should be admitted, including the canceled portion, as a valid part of the will. “The ultimate question therefore is — Did Dennis Coghlin intend to revoke only that part of the will which he tore up and threw in the waste-basket? Or did he intend to revoke the will as a whole? But in considering the pertinency of Mr. Waite’s testimony it becomes necessary to consider the relation of the part torn out to the balance of the will.”
It is true that in preceding items of the will there were provisions for the vesting of title to property of the testator in the executors named in the twelfth item in trust for beneficiaries named. But for two reasons we think the relation of those parts of the will to the twelfth item do not justify the conclusion that the removal of the single page denoted an intention to destroy or revoke the entire instrument. The intention of the testator would be suggested by what he understood the effect of his act to be. We should probably err if we imputed to him the understanding of counsel upon that subject. Furthermore, if we should assume that he regarded, not merely the physical; *77 but as well the legal, relation of the several parts of the instrument, it would be quite natural to suppose that he understood that the condition which would result from his failure to name persons to act as executors and trustees would not differ from that which would result from the death of those named or their failure to qualify, and that the court would make the appointment necessary to the execution of the trusts which earlier provisions of the will had created.
Counsel insist that the trial court erred in admitting evidence of the conversations between the testator and his counsel when the will, with its restored page, was before them and the subject considered was a codicil to change the provisions respecting executors. In support of this objection it is urged that a will once destroyed, with the intention of revoking it, cannot be rehabilitated by its subsequent recognition by the testator as his last will and testament. The soundness of this proposition is not challenged but it does not seem to reach the disputed point. The jury were clearly instructed that a will once destroyed with the intention of revoking it, cannot be thus restored, and that the testimony in question was admitted for the sole purpose of indicating the intention with which the testator removed and tore the single page. That the evidence was competent for the purpose stated in the instruction cannot be regarded as a matter of doubt since the decision of this court in Behrens v. Behrens, 47 Ohio St., 323. It is true that in that case a will which had been known to exist had been lost or destroyed *78 utterly. It had been admitted to probate as a lost will, the probate court having found that it was in existence after the testator’s death. The question for determination upon the trial to contest its validity was whether it had been lost, or destroyed with the intention of revoking it. That a will might be lost with the intention of revoking it, is not contemplated by the statute. It was not contemplated by the court. Indeed it is not conceivable. This court, having concluded that when a will known to have been in existence, cannot be found after the testator’s death, there is a presumption that he destroyed it with the intention of revoking it, held, that the presumption might be strengthened by proving the testator’s declaration of an intention to destroy it. The subject is so fully considered and the authorities so carefully discussed in that case that no further comment upon the subject seems necessary. This case is not distinguishable from that upon any ground that is now material. But if the evidence respecting the testator’s declaration to his counsel had been excluded, the conclusion reached by the courts below would séem to follow a consideration of the undisputed testimony showing the conduct of the testator at the time of the detachment and tearing of the separate page. An intention to revoke the entire instrument would be quite inconsistent with the obvious care which he took to separate the single page from the body of the instrument, and in the preservation of all of the instrument except the detached page. His conduct manifested as clearly and by the same token an intention to pre *79 serve the body of the instrument as to destroy the separated page.

Judgment affirmed.

Price, C. J., Crew, Summers, Spear and Davis, JJ., concur.